# EXHIBIT C

BFV

BERMAN FINK VAN HORN

ATTORNEYS AT LAW

DANIEL H. PARK
dpark@bfvlaw.com
Direct: 404-261-0379

June 23, 2025

Gianinna Mercado
[redacted]
Doral, FL 33178

**VIA UPS NEXT DAY AIR AND EMAIL (*gianinnamercado@gmail.com*)**

**Re: Your Violations and Potential Violations of Your Restrictive Covenants in the UPS Long-Term Incentive Performance Program ("LTIP") Terms and Conditions**

Dear Ms. Mercado:

This firm represents United Parcel Service, Inc. and its subsidiaries, including UPS Latin America, Inc. (collectively, "UPS"). Upon information and belief, we understand that you have started, or imminently intend to start, employment with a subsidiary of Cencora, Inc. f/k/a AmerisourceBergen, World Courier, Inc. ("World Courier") to work in its Latin American operations. As you know, World Courier is a direct competitor of UPS subsidiary Marken UPS Healthcare Precision Logistics ("Marken"). Therefore, your employment with World Courier would be in direct violation of your noncompete contained in the LTIP Terms and Conditions to which you agreed as a senior executive of UPS. We write to demand that you cease and desist your employment with World Courier and to remind you of your covenants with UPS.

***The LTIP Terms and Conditions***

Through your participation in the LTIP, you have been granted awards of 532 Restricted Performance Units ("Units") in 2023, 657 Units in 2024, and 1,313 Units in 2025. Each time you accepted your award of Units, you expressly agreed to be bound by the most recent version of the LTIP Terms and Conditions as of the date you accepted each award.

Under the LTIP Amended and Restated Terms and Conditions dated May 7, 2025, which is the most recent version of the LTIP Terms and Conditions to which you agreed to be bound, you agreed to several Employee Covenants, which are set forth in Section 8 of the 2025 LTIP Terms and Conditions. You expressly agreed that these covenants "are necessary to Protect the Company's legitimate business interests" and that, in the event of your breach of threatened breach, the Company shall have the right to:

> (a) enjoin you, preliminarily and permanently (without the necessity of posting bond), from violating or threatening to violate the Protective Covenants because any breach or threatened breach of the Protective Covenants would cause irreparable injury to the Company and that money damages would not provide an

> adequate remedy; (b) require you to account for and pay over to the Company all compensation, profits, monies, or other benefits derived or received by you as the result of any breach of the Protective Covenants; and (c) require you to pay the reasonable attorneys' fees and costs incurred by the Company in enforcing the Protective Covenants.

LTIP Terms and Conditions § 8.7. You further agreed that "you will automatically forfeit all Units" if you violate any of the covenants in Section 8. *Id.*[1]

***The Noncompete***

Most urgently for the purposes of this letter, Section 8.6 contains a covenant not to compete. The noncompete provides:

> During the Non-Compete Restricted Period, you will not, without the prior written consent of the Company, (a) work for a Restricted Competitor; (b) provide consulting services to a Restricted Competitor; or (c) otherwise provide services to a Restricted Competitor, in each of (a) through (c) that involves the provision of services that are similar to or relate to those services that you provided to the Company at any time during your employment and that relate, in any way, directly or indirectly, to the Restricted Competitor's competition with the transportation, delivery or logistics services provided by the Company during your employment. This non-compete provision is limited to the geographic area where the Company did business during your employment.

The "Non-Compete Restricted Period" is defined as "during your employment with the Company and for a period of one (1) year after your employment ends for any reason." *Id.* § 8.12.4. "Restricted Competitor" means "an entity or person engaged in any business activities competitive with the Company's and its Subsidiaries' businesses of package delivery and global supply chain management solutions." *Id.* § 8.12.8. The definition of "Restricted Competitor" further provides that it "includes any affiliates of such entities or persons if the affiliate engages in any way in delivery, transportation, and/or logistics services and activities" and also that "Restricted Competitors include, *without limitation*, the entities listed on Exhibit B." *Id.* (emphasis added).

Your employment with World Courier would be a direct violation of the noncompete. World Courier is a "Restricted Competitor" as it is engaged in business activities competitive with UPS's and its subsidiaries' (including Marken) businesses of package delivery and global supply chain management solutions. Both World Courier and Marken engage in global healthcare logistics, including the delivery of pharmaceuticals and other healthcare products. Furthermore, your work for World Courier's Latin American operations would involve the provision of services that are similar to or relate to those services that you provided to UPS during your employment.

---

[1] Unless otherwise noted, all citations to the LTIP Terms and Conditions are to the May 7, 2025, version. We note, however, that the LTIP Terms and Conditions for the prior years in which you received awards of Units contain similar covenants and forfeiture provisions.

**ACCORDINGLY, WITHIN 48 HOURS OF THIS LETTER, WE DEMAND THAT YOU:**

**(1) PROVIDE US WITH A FULL DISCLOSURE OF YOUR NEW EMPLOYER, ROLE, AND JOB DESCRIPTION, INCLUDING ALL COMPENSATION AND BENEFITS DERIVED OR RECEIVED BY YOU AS A RESULT OF ANY EMPLOYMENT BY YOU WITH WORLD COURIER OR ITS AFFILIATES;**
**(2) IMMEDIATELY CEASE AND DESIST FROM ANY COMPETITIVE EMPLOYMENT, OR INTENDED COMPETITIVE EMPLOYMENT, WITH WORLD COURIER OR ITS AFFILIATES, OR ANY OTHER RESTRICTED COMPETITOR;**
**(3) CONFIRM THAT YOU WILL PAY TO UPS ALL COMPENSATION DERIVED OR RECEIVED BY YOU AS A RESULT OF ANY EMPLOYMENT BY YOU WITH WORLD COURIER;**
**(4) DISCLOSE ALL ELECTRONIC DEVICES AND ACCOUNTS THAT YOU USED FOR UPS-RELATED WORK, SUCH AS YOUR GMAIL AND PERSONAL PHONE, AND PROVIDE THOSE FOR FORENSIC REVIEW BY SHIPPING THEM TO MY ADDRESS;**
**(5) STATE WHETHER YOU DISCLOSED YOUR LTIP CONDITIONS TO YOUR PROSPECTIVE EMPLOYER;**
**(6) NOTIFY UPS IN WRITING OF ALL ELECTRONIC FILES OR INFORMATION IN YOUR PERSONAL POSSESSION OR UNDER YOUR CONTROL THAT BELONG TO THE COMPANY OR CONTAIN UPS CONFIDENTIAL INFORMATION OR TRADE SECRETS; AND**
**(7) CAREFULLY REVIEW AND COMPLY WITH EACH OF THE ADDITIONAL OBLIGATIONS BELOW, INCLUDING YOUR NON-DISCLOSURE AND NON-SOLICIT OBLIGATIONS.**

Furthermore, please be advised that all of your remaining Units are automatically forfeited because your employment terminated before the end of any Performance Period associated with your awards.

***The Disclosure Requirement***

Under Section 8.11 of the LTIP Terms and Conditions, you agreed that, if you leave UPS for any reason, you would "disclose the existence and terms of this Section 8 to any prospective employer . . . prior to entering into an employment . . . with such prospective employer." It appears that you have violated this provision as well, as it would be shocking if World Courier employed you with knowledge of the noncompete and other restrictive covenants to which you are bound. **Accordingly, we demand that, within 48 hours of this letter, you confirm whether you disclosed the existence and terms of Section 8 of the LTIP Terms and Conditions to World Courier prior to entering into any employment relationship with World Courier.**

***The Nondisclosure Covenant***

Because of your positions at UPS, you were exposed to UPS's Confidential Information and Trade Secrets (as those terms are defined in the LTIP Terms and Conditions). In Section 8.3 of the LTIP Terms and Conditions, you agreed that you "will not, directly or indirectly, reveal, divulge, or disclose any Confidential Information or Trade Secrets to any person not expressly authorized by the Company to receive such information." You further agreed that you "will not directly or indirectly, use or make use of any Confidential Information or Trade Secrets in connection with any business activity other than business activity that you are pursuing on behalf of the Company." This provision further makes clear that "[t]he act of emailing Confidential Information or Trade Secrets or both to your personal email address or transferring Confidential Information or Trade Secrets to a personal device, account or data repository is considered to be a breach of this section."

Under this provision, you further agreed to "return to the Company all files, memoranda, documents, records, credit cards, keys, computers, printers, telephones, and other property of the Company or its affiliates in your possession, custody, or control, including without limitation all Confidential Information" no later than the end of your employment with UPS. You also agreed to immediately notify UPS in writing "[t]o the extent that you have, or become aware after your Separation Date that you have, electronic files or information in your personal possession or under your control that belong to the Company or contain Confidential Information (specifically including without limitation electronic files or information stored on personal computers, mobile devices, electronic media, or in cloud storage)."

Under this provision, you also agreed, if requested by UPS, "to cooperate with the Company, and take direction from the Company, regarding the deletion or return of all such files and information, including all copies and derivatives thereof, from all non-Company-owned computers, mobile devices, electronic media, cloud storage, and other media, devices, and equipment, such that such files and information are permanently deleted and irretrievable." We note that "you are not permitted to delete any Company files or information from any computers, mobile devices, electronic media, or in cloud storage (including those owned personally by you) unless directed to do so in writing by the Company."

Finally, you also agreed, if requested by UPS, to "voluntarily participate in a process involving a forensic computer specialist chosen by the Company to identify, quarantine, preserve and delete all electronic files or information, including all copies and derivatives thereof, in your possession or under your control that belong to the Company or contain Confidential Information."

Based on a preliminary investigation, we are aware that you may have emailed UPS Confidential Information or Trade Secrets to your personal Gmail account. We are also aware of extensive, suspicious activity using cloud storage drives such as BOX and Dropbox in the months preceding your departure from UPS. We take this opportunity to remind you of your obligations to not directly or indirectly, reveal, divulge, or disclose any Confidential Information or Trade Secrets to any person not expressly authorized by UPS to receive such information and to not directly or indirectly, use or make use of any Confidential Information or Trade Secrets in connection with any business activity other than business activity you pursue on behalf of UPS.

**We demand that you immediately notify us in writing of all electronic files or information in your personal possession or under your control that belong to the Company or contain UPS Confidential Information or Trade Secrets.** We further demand that you provide us with all devices and accounts that contain UPS's Confidential Information or Trade Secrets so that we can begin the process of a forensic computer specialist identifying, quarantining, and deleting all electronic files or information, including all copies and derivatives thereof, in your possession or under your control that constitute UPS's Confidential Information or Trade Secrets. Please confirm that you will comply with these requests.

***The Customer and Employee Nonsolicits***

The LTIP Terms and Conditions also contain a customer nonsolicit pursuant to which you may not "directly or indirectly, solicit, divert, take away or attempt to solicit, divert or take away a Protected Customer for purposes of providing products and services that are competitive with those provided by the Company." LTIP Terms and Conditions § 8.5.

The LTIP Terms and Conditions additionally contain an employee nonsolicit. Under this provision, you may not "directly or indirectly, solicit or induce or attempt to solicit or induce any Protected Employee to terminate or cease his/her employment relationship with the Company or to enter into employment with you or any other person or entity." *Id.* § 8.4.

The duration of both of these nonsolicits is for two years after your employment with UPS ends. *Id.* § 8.12.5.

Based on your conduct to date and your experience in sales with UPS, UPS is gravely concerned that you will also violate your nonsolicit obligations. In light of UPS's concerns, UPS hereby reminds you of your nonsolicit obligations and requests that you confirm in writing that you are complying and intend to continue complying with your obligations.

* * *

UPS requests a response to its demands by no later than the close of business on June 25, 2025. Please note that UPS takes this matter extremely seriously. Your failure to comply with UPS's demands will leave UPS no choice but to pursue legal action against you and to immediately file an action against you and seek temporary, preliminary, and permanent injunctive relief as well as damages and attorneys' fees pursuant to the LTIP Terms and Conditions.

***Your Obligations to Preserve and Not Destroy Relevant Evidence***

In addition to the above demands, in light of your conduct and UPS's claims and potential claims against you, you are in possession of critical evidence regarding this matter, including on your computers and any other electronic devices capable of storing electronic information (such as smartphones, webmail accounts, and other devices or media capable of storing electronic information). It is imperative that all evidence related in any way to your activities be preserved. This includes all emails, text messages, voicemails, social media communications, call logs, or

chat messages which relate in any way to your recruitment or hiring by or affiliation with World Courier and/or Cencora, Inc. This also includes all emails, text messages, voicemails, social media communications, call logs, or chat messages with individuals you have communicated with in any way relating to your departure from UPS or the activities you have engaged in since you began exploring joining World Courier and/or Cencora, Inc. This also includes all communications you have had with employees of UPS since the end of your employment.

Please be advised that simply continuing to use your computers and electronic storage devices may destroy potential electronic evidence critical to this matter, and that failure to preserve and retain electronic data may constitute spoliation of evidence. Pending discovery concerning your computer systems and electronic storage devices, or any further agreement as to the preservation and production of electronic evidence, you should take the following steps to ensure that any and all relevant electronic evidence is preserved:

1) All drives, or other media used to back up the electronic data of any device used to transfer, manage, manipulate or store data on any computer or other electronic storage device you used while employed with UPS or since that time should be removed from use and operation and preserved as evidence;

2) All drives or other media used to back up the electronic data of any device used to transfer, manage, manipulate or store any data having anything to do with your employment with UPS or the activities you have engaged in since the end of your employment with UPS should be removed from use and operation and preserved as evidence;

3) All online storage devices used to transfer, manage, manipulate or store any data having anything to do with your employment with UPS or having anything to do with the activities you have engaged in since the end of your employment with UPS should be removed from use and operation and preserved as evidence; and

4) All off-line storage devices such as such as external hard drives or USB drives used to transfer, manage, manipulate or store any data having anything to do with your employment with UPS or having anything to do with the activities you have engaged in since the end of your employment with UPS should be removed from use and operation and preserved as evidence.

UPS looks forward to receiving your response to this letter confirming your compliance with the demands set forth above.

Nothing in this letter should be considered a limitation or restriction on the claims UPS may assert against you. UPS reserves all rights.

You should direct all future communications and correspondence to my attention.

Sincerely,

BERMAN FINK VAN HORN P.C.

*/s/ Daniel H. Park*

Daniel H. Park

cc: United Parcel Service, Inc.
Jeremy L. Kahn, Esq.